## APPEAL OF LOUIS KRATTER.

Docket No. 4723.    Submitted November 17, 1925.    Decided April 22, 1926.

*Donald Horne, Esq.*, for the taxpayer.
*J. W. Fisher, Esq.*, for the Commissioner.

Before TRUSSELL and GREEN.

This appeal is from a determination of a deficiency in income tax for the year 1920, in the amount of $1,279.96. The taxpayer

alleges that the Commissioner erred in disallowing as a deduction from gross income for the year 1920 the amount of $15,000, paid by him in the year 1921 in settlement of liability incurred in 1920.

### FINDINGS OF FACT.

The taxpayer is an individual residing at Brooklyn, N. Y. He is, and was during the year 1920, engaged in the wholesale grocery business in Brooklyn.

On May 28 and June 7, 1920, the taxpayer contracted in writing to purchase from the American Sugar Refining Co., hereinafter called the Refining Company, 1,020 barrels of sugar, at 22½ cents a pound, delivery to be made during the months of July to December, 1920, inclusive. The taxpayer in July, 1920, accepted and paid for under these contracts one delivery, consisting of 30 barrels of sugar. When the next delivery was sent to him a short time later he refused to accept it because the market price of sugar had declined. On two or three other occasions the Refining Company attempted to deliver sugar to the taxpayer under these contracts, which the taxpayer refused to accept. Altogether, the Refining Company sent to the taxpayer four truckloads of sugar, only the first of which he accepted. The last attempt made by the Refining Company to deliver sugar to the taxpayer under these contracts was in October, 1920. Sugar began to decline shortly after the taxpayer's orders were placed, and between that time and the end of the year 1920 the price dropped from $22.50 to $4.80 a hundred pounds. It was this decline which caused the taxpayer's breach of the contracts mentioned.

Each time the taxpayer refused to accept a delivery of sugar from the Refining Company he had a telephone conversation with the representative of that company in which he was warned that the Refining Company would have to sue. About two months after the first delivery he received a letter from the Refining Company to the effect that it intended to sue. After the last refusal to accept delivery of sugar, he also received a letter in which the Refining Company informed him it would sue for the balance of the difference between the contract price of the sugar and the market price, and for expenses of storage, etc. The taxpayer in each of his conversations with the representative of the Refining Company stated that he could not accept the sugar because it would ruin him. The total difference between the contract price and the market price of the sugar covered by the taxpayer's breach of contracts amounted to about $47,000.

No record was made on the taxpayer's books of the sugar orders until sugar was delivered. Then the Refining Company was cred-

ited with the amount of the shipment, and when payment was made it was charged with the amount thereof. There was, therefore, no book entry with reference to the sugar covered by the contracts referred to, except for the first delivery of 30 barrels. This was in accord with the taxpayer's usual method of handling purchases of merchandise. The taxpayer did not enter on his books the estimated loss that he would sustain under the contracts involved herein. The first entry of any kind made on his books of account in regard to this loss was in 1921, after it had been adjusted.

Early in the year 1921 the taxpayer formed a corporation, L. Kratter, Inc., which took over all of the assets of the business theretofore conducted by him and all of its liabilities, with the exception of his liability to the Refining Company under the contracts of May 28 and June 7, 1920. Subsequently, the taxpayer entered into negotiations with the Refining Company to settle his liability to that company for breach of his contracts. After negotiations the Refining Company accepted $15,000 in full settlement of the taxpayer's liability, and a written contract of settlement was entered into by L. Kratter, Emanuel Kratter, and L. Kratter, Inc., on October 24, 1921. Payment of the $15,000 was actually made by the corporation and charged to the taxpayer's personal account on the corporation's books.

The taxpayer did not deduct, in his return for the year 1920, any amount on account of the loss involved therein. However, he subsequently claimed the right to deduct as a loss for the year 1920 the amount paid to the American Sugar Refining Co. under the settlement of October 24, 1921. The Commissioner refused to allow the deduction.

*The deficiency is $1,279.96. Order will be entered accordingly.*